UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HW LEE,<br><br>        Plaintiff,<br><br>        v.<br><br>VOLUMETRIC HOLDINGS GP LLC,<br>et al.,<br><br>        Defendants. | Case No. 23-cv-11197-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                               September 9, 2024

## I.   Introduction

Plaintiff Heewon Lee ("Lee") proceeding *pro se*, has filed this lawsuit against Defendants Volumetric Holdings GP LLC ("VHGP"), Volumetric Building Companies ("VBC"), Sara Ann Logan ("Logan"), Vaughn Buckley ("Buckley"), Sam Tikriti ("Tikriti"), VBC Studio, and Vahe Markosian ("Markosian") (collectively, "Defendants") alleging a violation of Massachusetts Personnel Record Law, Mass. Gen. L. c. 149 § 52C (Count I), harassment/hostile work environment, race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") and Mass. Gen. Laws. c. 151B (Counts II-IV).[1]  D. 6.  Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and,

---

[1] The Court notes that Lee included reference to an age discrimination claim in the amended complaint, D. 6 at 1, but did not provide a factual basis for same there and it appears Lee has

1

alternatively, moved to strike Lee's allegations pursuant to Fed. R. Civ. P. 12(f) and/or for a more definite statement pursuant to Fed. R. Civ. P. 12(e) and 8(a), D. 33.  Defendants have also moved for sanctions against Lee under Fed. R. Civ. P. 11.  D. 45.  For the reasons stated below, the Court ALLOWS Defendants' motion to dismiss, D. 33, and DENIES Defendants' motion for sanctions, D. 45.

## II.     Factual Allegations

The Court draws the following factual allegations from the amended complaint, D. 6, and accepts them as true for the purpose of resolving the motion to dismiss.

Lee worked as a technical associate and architect for VBC[2] for around four years.  D. 6 at 7, 12, 20, 30.  During that time period, Logan served as his supervisor.  Id. at 24, 30.  Lee alleges that despite his "multi-million" dollar contributions to VBC's success, he was subjected to a hostile work environment because there was "no schedule and budget," he was shut out of meetings, forced to work late nights and weekends and was bullied by being ignored when he asked questions about projects or provided technical advice.  Id. at 11, 32-35, 41, 44-45, 55-63.  Lee allegedly faced harassment when he pointed out purported unethical business practices.  Id. at 45-54.  Lee was forced to work on projects run by junior architects and there was an alleged plan to replace him with a "'white' sounding and looking person."  Id. at 64.  At some point in either December or January 2022, VBC Studio hired Jill Kaehler ("Kaehler"), a white female, in the role of Director of Product Architecture who was less experienced than Lee.  Id. at 65-66.  Kaehler became involved in certain construction projects that Lee had been working on and excluded Lee from site

---

subsequently abandoned that claim, D. 41 at 15.  Accordingly, this Court did not consider it in connection with this motion to dismiss.

[2] Lee generally uses the term "VBC" but it is not clear to the Court if he is referring to VBC Studio or another VBC defendant.  See, e.g., D. 6 at 3, 20, 23, 32-34.

meetings. Id. at 66. Kaehler also asked Lee to project the schedule for projects two weeks ahead of time which had not previously been asked of him before and was an impossible task. Id. at 66. Lee complained to Tikriti, the President and Chief Operating Officer of VBC Studio, and Logan concerning Kaehler's handling of projects, which Lee claims emphasized her lack of technical knowledge. Id. at 3, 67-69.

On March 6, 2022, Lee complained about Logan's management to Buckley, the Chief Executive Officer of VBC Studio, and Tikriti. Id. at 41. On or around March 20, 2022, Logan and Tikriti arranged a "sham" meeting with Lee that was used to provide an excuse for terminating him. Id. at 72. On June 24, 2022, Lee was presented with a termination letter which Lee refused to sign and resigned instead. Id. at 73-75. The termination letter cited a variety of reasons for Lee's termination including that Lee could not take constructive criticism, lacked effective communication and client management skills and displayed an unwillingness to comply with standards and procedures put in place for all team members. See id. at 41-43. Upon termination, he requested a variety of documentation and records, including but not limited to his resume, offer letter and job description that were not provided. Id. at 43-44.

**III.  Procedural History**

Lee originally filed this action on April 26, 2023, D. 1 and the case was assigned to this session of the Court, Civil Action No. 23-cv-10914-DJC. Lee filed a request for a case reassignment, D. 7, which this Court denied on May 26, 2023, D. 8. Lee voluntarily dismissed the case pending before this Court on July 6, 2023, D. 9. On May 26, 2023, Lee refiled the same action and the case was assigned to Judge Sorokin. D. 1, 2. Upon refiling the action, Lee "did not inform [Judge Sorokin] of the prior case [before this session of the Court] nor did he mark the new case as related to the original case." D. 38. Lee subsequently filed an amended complaint on

3

August 16, 2023, D. 6.[3]  On December 11, 2023, Defendants filed their motion to dismiss, motion to strike and motion for a more definite statement.  D. 33.  Defendants also moved for sanctions under Rule 11.[4]  On December 19, 2023, the case before Judge Sorokin was transferred to this session pursuant to D. Mass. Local R. 40.1.  D. 38, 40.

IV.     **Motion to Dismiss**

    A.     **Standard of Review**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Germanowski v. Harris, 854 F.3d 68, 71 (1st Cir. 2017).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face."  García-Catalán, 734 F.3d at 103 (quoting Iqbal, 556 U.S. at 678).

While the Court must construe a *pro se* litigant's pleadings liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure," including compliance

---

[3] Lee moved for leave to file a supplemental complaint, D. 57-58, which Defendants oppose.  D. 59.  For at least the reasons stated in the opposition, D. 59, the Court DENIES the motion.

[4] Lee moved for leave to file a sur-reply to Defendants' motion for sanctions, D. 53, which the Court ALLOWS *nunc pro tunc* and has considered that sur-reply, D. 54, in the resolution of that motion.

with the "short and plain statement" requirement.  Koplow v. Watson, 751 F. Supp. 2d 317, 320-21 (D. Mass. 2010).

> B.   **The Amended Complaint Fails to Comply With the Pleading Requirements**

Defendants argue, among other things, that Lee's amended complaint should be dismissed, and portions of the complaint should be stricken under Fed. R. Civ. P. 12(f) or alternatively Lee should be asked to provide a more definite statement under Fed. R. Civ. P. 12(e) because the complaint's "allegations are not numbered. . . and are generally untethered to any of the four Counts" and Lee "fails to indicate which claims are asserted against which Defendants" in violation of the pleading requirements pursuant to Fed. R. Civ. P. 8.  D. 34 at 2, 16-17.  A motion for a more definite statement is appropriate where a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Rule 12(e) is "inextricably linked to Rule 8(a)'s simplified notice pleading standard."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002).  Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'"  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally."  Id.  Where, as here, "a plaintiff brings a claim against multiple defendants, the plaintiff must . . . draft his complaint in such a manner that it is clear what

5

the alleged factual allegations and legal claims are against each individual defendant" and "cannot simply refer to the defendants collectively where it cannot be reasonable inferred that all the defendants engaged in the alleged misconduct." Burnham v. Dudley Dist. Ct., No. 15-cv-40031-DHH, 2015 WL 5698418, at *5 (D. Mass. Sept. 28, 2015).

Here, Lee's amended complaint, which spans seventy-eight pages and includes an appendix of over 1,000 pages of exhibits, fails to comply with the notice pleading requirements under Rule 8(a). See D. 6; D. 8. Lee's amended complaint is replete with pages of allegations concerning purported unethical conduct by Defendants for which Lee does not appear to allege claims, see, e.g., D. 6 at 11, 45- 55, includes fourteen parties, seven of which are not named as defendants in the action, id. at 2-3, and pages of background information on industry standards for architectural design, specifications for building codes, and exhibits that are seemingly unrelated to his alleged claims for access to personnel records, harassment, race and national origin discrimination and retaliation. See, e.g., id. at 3-11. Lee acknowledges that at least 250 pages of the 1,000 pages of exhibits contains state and federal laws, AIA standards and building industry facts. D. 41 at 15. Although Lee argues that the exhibits and background information are necessary to prove his allegations, id., "[a] pleading is not an appropriate vehicle for aggregating masses of evidence or advancing premature legal arguments." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 58 (D. Mass. 2015) (dismissing complaint for failing to comply with Rule 8(a)'s short and concise pleading standards because the complaint included hundreds of exhibits and was replete with "swaths of irrelevant background material and exhibits").

As a result, the amended complaint fails to give any one of the Defendants fair notice of the grounds upon which Lee's claims are pled against them and makes it difficult for the Court to determine whether Lee has plausibly stated a claim. See D. 6; Belanger, 307 F.R.D. at 58

6

(dismissing complaint that was "way too long, detailed and verbose for either the Court or the defendants to sort out the nature of the claims or evaluate whether the claims are actually supported by any comprehensible factual basis").  Lee appears to assert his claims of hostile work environment, harassment, race and national origin discrimination and retaliation in violation of Title VII and Mass. Gen. Laws. c. 151B against all seven Defendants.  Lee, however, fails to state a claim upon which relief can be granted because Lee does not allege separate misconduct as to each of the Defendants.  In support of his harassment, hostile work environment and race discrimination claims, Lee collectively refers to the "Defendants," alleging that the "defendants plotted against [Lee] with harassment," "defendants actions were offensive and interfered with [Lee's] full participation in the workplace," and "defendants planned out this racial discrimination," but he fails to identify what actions are attributable to which defendant.  See, e.g., D. 6 at 61-64, 71.  Although Lee argues that the term "Defendants" means all the Defendants and maintains that the Defendants acted as proxies for each other,  D. 41 at 8-10, "[t]o sustain a claim against an individual defendant, [Lee] must plead facts supporting the elements of a prima facie case against that individual defendant."  Khan v. Sedgwick Claims Mgmt. Servs., Inc., No. 22-cv-11893, 2023 WL 4409519, at *8 (D. Mass. July 7, 2023) (dismissing claims against individual defendants because plaintiff did not plead specific facts that those defendants were involved in the discrimination); see Verrier v. Beth Israel Deaconess Hosp., No. 22-cv-10126-IT, 2022 WL 21771011, at *3 (D. Mass. May 31, 2022) (dismissing complaint for failure to state a claim because plaintiff did "not sufficiently identif[y] the alleged misconduct of each defendant" and instead referred to defendants as a collective, reasoning that such "'lumping' of defendants is impermissible when it cannot be reasonably inferred that all defendants were involved in a particular aspect of the alleged misconduct").  Although the Court can discern some specific

7

allegations against two Defendants, Logan and Buckley, many of Lee's allegations against Buckley and Logan appear to have nothing to do with Lee's causes of action. See, e.g., D. 6 at 11-20 (alleging that Logan and Buckley had "toxic superiority"). While Lee provides some further allegations in his reply, particularly concerning his basis for his racial discrimination claim, D. 41 at 4-7, because the "[c]omplaint does not contain factual allegations to support his argument, it cannot save his claim." Mason v. Cent. Mass Transit Mgmt., Inc., 405 F. Supp. 3d 320, 326 n.1 (D. Mass. 2019).

Lee's amended complaint rather "falls into the category of '[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" See Phelps v. Loc. 0222, No. 09-cv-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (Report and Recommendation), adopted sub nom. Phelps v. Loc. 0222, No. 09-cv-11218-JLT, 2010 WL 3342023, at *1 (D. Mass. Aug. 25, 2010) (internal citation and quotation marks omitted). Accordingly, Lee has failed to satisfy the minimum standard of pleading under Fed. R. Civ. P. 8(a) and dismissal is appropriate.[5]

## V. Motion for Sanctions

Defendants argue that sanctions are appropriate because Lee's amended complaint, oppositions in response and supporting appendixes, which included over 1000 pages of exhibits, named seven of Defendants' clients and included salacious allegations that Defendants defrauded

---

[5] Given this ruling, the Court does not reach the alternative grounds for dismissal asserted by Defendants and DENIES Defendants' motion to strike as moot, D. 34 at 8-16, except that the Court holds that Lee's claim which alleges negligence of the Massachusetts Personnel Record Law pursuant to Mass. Gen. L. c. 149 § 52C fails as a matter of law because there is no private right of action under that statute. See Mass. Gen. L. c. 149, § 52C (stating that this "section shall be enforced by the attorney general"); Wattley v. Stolar Horizon, Inc., No. 06-cv-10920-NG, 2006 WL 8458435, at *2 (D. Mass. July 31, 2006) (dismissing claim based on Mass. Gen. L. c. 149 § 52C because the statute "does not confer a private right of action; it states that it shall be enforced by the attorney general"). Accordingly, Count I is dismissed with prejudice.

their clients, were put forth for an improper purpose that are not related to Lee's claims for hostile work environment, discrimination and retaliation. D. 46 at 1-6. Defendants contend that many of the exhibits include confidential internal design specifications, internal budget reports, building plans and design documents and communications with business partners and clients. Id. at 4-5. Defendants state that prior to filing the motion for sanctions, they approached Lee about amending his complaint to remove the unrelated information and specifically removing the exhibits or placing them under seal, which Lee has refused to do. Id. at 4-6. Lee maintains that the documents are necessary and essential to his claims and that the motion for sanctions is inappropriate because it requires the Court to make a substantive determination on the merits.[6] D. 48 at 1, 3.

Under Fed. R. Civ. P. 11, the Court may impose sanctions on an unrepresented party if he submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1)-(2); Eagle Eye Fishing Corp. v. Dep't of Com., 20 F.3d 503, 506 (1st

---

[6] Lee argues that Defendants' motion for sanctions is an improper motion to dismiss or motion for summary judgment and that the motion is premature as the Court has not addressed the merits of Lee's claims. D. 48 at 1-3, 8-10. Lee's arguments are unavailing. Defendants' motions for sanctions does not improperly require a decision on the merits because a district court has the power to sanction litigants who abuse the court system by filing groundless pleadings for any improper purpose separately from assessing the merits of the case. See Siri v. Town of Hingham, 662 F. Supp. 3d 44, 49 (D. Mass. 2023) (recognizing that the Court has the power to sanction *pro se* litigants for filing pleadings that "harass or . . . cause unnecessary delay or needlessly increase in the cost of litigation") (quoting Simon v. Navon, 71 F.3d 9, 17 (1st Cir. 1995)). Moreover, Lee's reliance upon Lichtenstein v. Consol. Servs. Grp., Inc., as support that Defendants' motion is premature is inapposite because the First Circuit reasoned that it was reasonable for the district court to have waited to assess sanctions based on the frivolousness of the claims because of "the murky facts of the case, which were so confused and 'suspicious' that significant efforts were required of the court to later sort them out." Lichtenstein v. Consol. Servs. Grp., Inc., 173 F.3d 17, 23 (1st Cir. 1999) (reasoning that courts can defer the consideration of "certain kinds of sanctions motions" until the end of trial to avoid unnecessary delay of disposition of a case). Defendants' motion for sanctions is primarily based upon Lee's inclusion of salacious allegations and filing of confidential documents at this early juncture in the case with the purported intention to harass the Defendants, D. 46 at 1-2, which Lichtenstein did not address. See Lichtenstein, 173 F.3d at 23-24.

9

Cir. 1994). "[T]he court must consider the state of the *pro se* party's sophistication and experience, or lack thereof, when determining the nature and severity of sanctions to be imposed." Chaturvedi v. Siddharth, No. 20-cv-11880-FDS, 2021 WL 664129, at *8 (D. Mass. Feb. 19, 2021). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits and provides for sanctions as a deterrent. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

Given that the Court is dismissing Lee's amended complaint, and Lee's *pro se* status, the Court holds that sanctions are inappropriate at this time. Lee's inclusion of allegations that Defendants purportedly defrauded certain clients as well as the filing of hundreds of pages of exhibits that are unrelated to proving the essential elements of his claims may constitute a vexatious litigation practice warranting the imposition of sanctions should that conduct be repeated. See Adams v. Gissell, No. 20-cv-11366-PBS, 2022 WL 2387881, at *3-6 (D. Mass. Apr. 19, 2022), report and recommendation adopted, No. 20-cv-11366-PBS, 2022 WL 16702407 (D. Mass. Aug. 24, 2022) (reasoning that *pro se* plaintiff who had continuously filed baseless complaints that included irrelevant allegations to harass and embarrass the defendants engaged in sanctionable conduct); see also In re Ames, 993 F.3d 27, 36, 39 (1st Cir. 2021) (affirming sanctions were appropriate when plaintiff filed a second amended complaint that "blithely ignored clear, widely available pleading requirements for discrimination and retaliation claims" and the facts asserted were disconnected from the elements of the claim and did not have an adequate basis in fact or law). Lee is hereby warned that if he continues to include similar improper allegations and extraneous exhibits in a further amended complaint that he could be subject to sanctions including being enjoined from filing further actions in this Court without prior permission and monetary sanctions. See McGarry v. Geriatric Facilities of Cape Cod, Inc., No. 10-cv-11343-GAO, 2011

WL 344751, at *2 (D. Mass. Feb. 1, 2011) (sanctioning *pro se* plaintiff because plaintiff "is continuing to engage in a pattern of filing baseless documents that harass defense counsel" and "has already been warned that the Court will impose sanctions" should that conduct continue).

**VI.     Conclusion**

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 33. The Court dismisses Lee's amended complaint, D. 6, without prejudice, except for Count I which is dismissed with prejudice. Lee may file a second amended complaint that complies with the pleading standards of Fed. R. Civ. P. 8(a) by October 9, 2024. In any second amended complaint, Lee should, in numbered paragraphs, lay out the alleged factual basis for the legal claims against each defendant, along with the basis for such claims. In other words, he should set forth minimal facts as to who did what to whom, when, where, and why. Lee should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant and should not include any allegations that are relevant to the asserted claims. To the extent that he asserts multiple causes of action against a single defendant, those, too, should be identified separately. Any excessive number of exhibits, particularly any that do not relate to a factual basis for his claims, will be struck. If Lee files an amended complaint that fails to comply with the Federal Rules of Civil Procedure, specifically Rule 8(a), and continues to include improper allegations and exhibits unrelated to his claims, the Court will likely dismiss it with prejudice without further leave to re-plead and Lee may be subject to sanctions. Accordingly, the Court DENIES Defendants' motion for sanctions, D. 45, without prejudice.

**So Ordered.**

/s Denise J. Casper
United States District Judge