# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| ) | |
| **HW LEE,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Case No. 23-cv-11197-DJC** |
| ) | |
| **VOLUMETRIC HOLDINGS GP LLC,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

**CASPER, C.J.**                                                                     **August 7, 2025**

## I.    Introduction

Plaintiff Heewon Lee ("Lee") proceeding *pro se*, has filed this lawsuit against Defendants Volumetric Holdings GP LLC ("VHGP"), Volumetric Building Companies ("VBC"), VBC Studio, Sara Ann Logan ("Logan"), Vaughan Buckley ("Buckley"), Sam Tikriti ("Tikriti") and Vahe Markosian ("Markosian") (collectively, "Defendants") alleging harassment/hostile work environment, race and national origin discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2 ("Title VII")  and Mass. Gen. L. c. 151B (Counts I-III), intentional infliction of emotional distress (Count IV) and negligent infliction of emotional distress (Count V).  D. 66. Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 8(a).  D. 78.  For the reasons stated below, the Court ALLOWS Defendants' motion to dismiss, D. 78.

## II.    Standard of Review

While the Court must construe a *pro se* litigant's pleadings liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure," including compliance with the "short and plain statement" requirement under Federal Rule of Civil Procedure 8. Koplow v. Watson, 751 F. Supp. 2d 317, 320-21 (D. Mass. 2010). Specifically, a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement to provide a "short and plain statement of the claim," id., means that the complaint must contain "enough detail to provide [each] defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why[,]'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004)). Certainly, "the requirements of Rule 8(a)(2) are minimal-but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores, 367 F.3d at 68 (internal citation omitted). Still, "[d]ismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Miranda v. United States, 105 Fed. Appx. 280, 2004 WL 1636873, at *1 (1st Cir. Jul. 23, 2004) (per curiam) (internal citation omitted) (affirming dismissal under Rule 8 where the "complaint is prolix, disjointed, replete with legal conclusions" such that it was "often difficult if not impossible to tell" whether the allegations related to plaintiff's wife's grievances or his own criminal investigation and prosecution such that "Defendants could not reasonably have been expected to respond to such allegations"); Macua v. State, 645 F. Supp. 3d 1, 4-5 (D.N.H. 2022) (citing same legal principle

and dismissing complaint under Rule 8 where "none of the defendants has "fair notice of the claims

against them, and they cannot be expected to provide a cogent answer or defense as a result").

Under Rule 41(b), "a district court may dismiss an action if the plaintiff 'fails to prosecute

or to comply with [the Federal Rules] or a court order.'" Rosario-González v. United States (Dep't

of Veterans Affs.), No. 18-cv-1532, 2019 WL 12374109, at *1 (1st Cir. Sept. 9, 2019)

(quoting Fed. R. Civ. P. 41(b)).

### III.    Factual Background

The Court draws the following factual allegations from the second amended complaint, D.

66, and accepts them as true for the purpose of resolving the motion to dismiss.

As it did with the amended complaint, D. 6,  in its prior Memorandum and Order, D. 60 at

2-3, to the extent that the Court can glean the allegations here from the 107-page second amended

complaint and hundreds of exhibits, D. 66, the Court summarizes Lee's allegations here.  Lee

worked as a senior technical associate and licensed architect for VBC for around four years.  D.

66 ¶¶ 11, 13.  During his employment, Logan, Vice President of Design  of VBC Studio, served

as Lee's supervisor.  Id. ¶¶ 21, 66.  Lee alleges that despite his "multi-million" dollar contributions

to VBC's growth, he was subjected to hostile work environment including exclusion from site

construction and project meetings, oppressed into committing construction fraud and ostracized,

ignored and humiliated due to racial bias.  Id. ¶¶ 12, 57, 72-73, 77.  Lee alleges that he was

downgraded into working under junior engineers and there was a plan to replace him with a

"person of 'white' look and sound for clients."  Id. ¶¶ 13, 105.  In January 2022, Buckley hired Jill

Kaehler ("Kaehler"), a white female who was less experienced than Lee, in the role of Director of

Product Architecture.  Id. ¶ 176.  Subsequently, Kaehler became involved in certain construction

projects that Lee had been working on and excluded Lee from site meetings.  Id. ¶¶ 176-77.

Kaehler also asked Lee to forecast the schedule for projects two weeks ahead of time which had not previously been asked of him, which was impossible.  Id. ¶¶ 108-09, 179.  Thereafter, at sometime between March and April 2022, a project on which Lee was leading construction administration was taken over by Kaehler.  Id. ¶ 182.  Lee allegedly complained to Tikriti, President and Chief Operating Officer of VBC Studio, and Logan concerning Kaehler's handling of exterior details, which Lee claims emphasized her lack of technical knowledge. Id. ¶¶ 18, 183.

On March 6, 2022, Lee complained to Buckley, the Chief Executive Officer of VBC Studio, Tikriti and Logan about the hostile environment, harassment and discrimination. Id. ¶ 82.  On or around April 20, 2022, Logan and Tikriti arranged what Lee alleges was a "sham" meeting with him to provide an excuse for terminating him.  Id. ¶ 253.  On May 6, 2022, Lee filed a further complaint about his concerns about VBC Studio's problems with project details.  Id. ¶ 82.  On June 24, 2022, Lee was presented with a termination letter which Lee refused to sign and resigned instead.  Id. ¶¶ 14, 83, 212(G).  The termination letter cited a variety of reasons for Lee's termination including that he could not take constructive criticism, lacked effective communication and client management skills, failed to meet requirements of the job description and displayed an unwillingness to comply with standards and procedures for all team members. Id. ¶ 83.

## IV.    Procedural History

Lee originally filed this action on April 27, 2023, D. 1, and the case was assigned to this session of the Court, Civil Action No. 23-cv-10914-DJC.  Lee filed a request for a case reassignment, D. 7, which this Court denied on May 26, 2023, D. 8.  That same day, Lee refiled the same action and the case was assigned to Judge Sorokin, Civil Action No. 23-cv-11197-LTS. D. 1; D. 2.  Upon refiling the action, Lee "neither informed [Judge Sorokin] of the prior case

[before this session of the Court] nor did he mark the new case as related to the original case."

D. 38.  Lee voluntarily dismissed the initial case pending before this Court, Civil Action No. 23-cv-10914-DJC on July 6, 2023, D. 9.  Lee filed his first amended complaint in this case on August 16, 2023, D. 6.  On December 11, 2023, Defendants filed their motion to dismiss, motion to strike and motion for a more definite statement.  D. 33.  Defendants also moved for sanctions under Rule 11.  D. 45.  On December 19, 2023, Judge Sorokin, with this session's assent, transferred the case to this session pursuant to D. Mass. Local R. 40.1.  D. 38; D. 40.

On August 14, 2024, Lee moved for leave to file a supplemental complaint, D. 57.  On September 9, 2024, the Court allowed Defendants' motion to dismiss, D. 33, and dismissed Lee's amended complaint, D. 6, without prejudice, except for Count I alleging a violation of the Massachusetts Personnel Record Law, Mass. Gen. L. c. 159 § 52C, which was dismissed with prejudice.  D. 60.  The Court also denied Defendants' motion for sanctions, D. 45, Defendants' motion to strike, D. 33, and Lee's motion to file a supplemental complaint, D. 57.  Id.

Lee filed his second amended complaint on November 11, 2024, D. 66, which remains the operative complaint.  Defendants now has moved to dismiss Lee's second amended complaint with prejudice.  D. 78.

## V.    Discussion

Defendants have moved to dismiss Lee's second amended complaint for failure to comply with this Court's September 9, 2024 Order ("Order"), D. 60, pursuant to Fed. R. Civ. P. 41(b), and the pleading requirements, pursuant to Fed. R. Civ. P. 8(a).  D. 78; see D. 60.  As this Court stated in its Order, D. 60 at 5, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because "[Lee] brings claim[s] against multiple defendants, [he] must . . . draft his complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against each individual defendant." Burnham v. Dudley Dist. Ct., No. 15-cv-40031-DHH, 2015 WL 5698418, at *5 (D. Mass. Sept. 28, 2015). The Court noted that "[i]n any second amended complaint, Lee should, in numbered paragraphs, lay out the alleged factual basis for the legal claims against each defendant, along with the basis for such claims[] … not assert claims collectively against the defendants … and should not include any allegations that are [not] relevant to the asserted claims." D. 60 at 11. The Court provided Lee with notice that if his second amended complaint "fail[ed] to comply with the Federal Rules of Civil Procedure, specifically Rule 8(a), and [he] continue[d] to include improper allegations and exhibits unrelated to his claims, the Court [would] likely dismiss it with prejudice without further leave to re-plead and [he] may be subject to sanctions." Id.

The Court acknowledges that Lee added paragraph numbers, removed the seven parties not named as defendants, see D. 66 ¶ 6, and added subheadings to each count, see, e.g., id. ¶¶ 124-170, 188-208, 214-30, 239-67, 271-80. The second amended complaint, however, is substantially similar to the first amended complaint and Lee has not sufficiently cured the other deficiencies identified by the Court. Although "courts hold pro se pleadings to less demanding standards than those drafted by lawyers," Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000), and *pro se* pleadings should be liberally construed, see Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), the leniency afforded to a *pro se* party is diminished where he has been given an opportunity to cure pleading deficiencies and has not followed a court's orders. See United States ex rel. Karvelas v. Tufts Shared Servs., Inc., No. 18-cv-11260-LTS, 2020 WL 13898493, at *1 (D. Mass. Jan. 29, 2020) (dismissing *pro se* plaintiff's second amended complaint with prejudice where plaintiff

"repeatedly ignored the Court's explicit Orders, flouted the Court's Local Rules, and has repeatedly failed to cure the plausibility deficiencies of his claims").

First, the second amended complaint remains "excessively long and unnecessarily redundant." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). Whereas the first amended complaint was seventy-eight pages and included over 1,000 pages of exhibits, see D. 6, the second amended complaint spans 107 pages and includes two new counts and over 650 pages of exhibits. See D. 66; D. 72. Despite the Court's critique of Lee's first amended complaint for its length and inclusion of extraneous exhibits, see D. 60 at 6, 10, Lee has failed to condense the second amended complaint itself meaningfully, which still includes sections previously identified as unrelated to the claims alleged claims. See, e.g., D. 6 at 45-55; D. 66 ¶¶ 95-100 (nonpayment of wages and consulting fees to others and alleged construction fraud). Lee has also failed to condense the exhibits to the second amended complaint, see, e.g., D. 72-4 at 67-108, claiming they are necessary for his new and existing claims and to support his arguments, D. 99 ¶¶ 5 n.6, 19, 28 n.12, which, even reading the second amended complaint in the light most favorable to Lee, they are not.

Next, the second amended complaint still includes improper allegations that are unrelated to Lee's claims, and which the Court addressed in its Order, see D. 60 at 10-11. It is replete with allegations concerning background information about projects Lee worked on and Defendants' purported unethical conduct that, despite Lee's arguments, are not tethered to his claims of harassment, discrimination, retaliation or the infliction of emotional distress. See, e.g. D. 66 ¶¶ 11-12, 37, 48-56, 64-77, 95-100, 285; Barricello v. Bank of Am., N.A., No. 18-cv-10398-LTS, 2019 WL 1333271, at *3-4 (D. Mass. Mar. 25, 2019) (allowing motion to dismiss and noting that "conclusory and repetitious allegations of the defendants' alleged fraud and general wrongdoing" constitute a Rule 8 violation). Even when courts have been willing to overlook superfluous

allegations in *pro se* plaintiffs' pleadings, they have done so where those alleged facts "do not predominate over the facts that are relevant and properly pled." Marrero-Rolón v. Autoridad de Energía Eléctrica de P.R., No. 15-cv-1167-JAG/SCC, 2015 WL 5719801, at *4 (D. P.R. Sept. 29, 2015). Such is not the case here. See Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 58 (D. Mass. 2015) (dismissing complaint for failing to comply with Rule 8(a)'s short and concise pleading standards because the complaint included hundreds of exhibits and was replete with "swaths of irrelevant background material and exhibits").

Finally, even under a liberal reading of the second amended complaint, it does not "afford the [Defendants] a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-cv-40126-FDS, 2011 WL 2681195, at *2 (D. Mass. July 6, 2011) (quoting Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (internal quotation marks omitted). Although each claim now incorporates subheadings to organize some of the factual allegations and conduct attributed to each of the named Defendants, Lee still refers to the Defendants collectively and/or without specificity in those sections and throughout the second amended complaint. See, e.g., D. 66 ¶¶ 11-14, 36, 50-51, 54, 64, 71-73, 81-83, 111, 119, 123, 141-42, 152-53, 158, 164, 169-70, 185-86, 189, 204, 206, 208-09, 212, 226, 228, 230, 232-33, 247, 253-54, 263, 265, 267, 280, 284. At least to this extent, Lee failed to cure this defect from the first amended complaint by failing to identify what actions are attributable to each individual defendant. See Verrier v. Beth Israel Deaconess Hosp., No. 22-cv-10126-IT, 2022 WL 21771011, at *3 (D. Mass. May 31, 2022) (dismissing complaint for failure to state a claim because plaintiff did "not sufficiently identif[y] the alleged misconduct of each defendant" and instead referred to defendants as a collective); see also Zaragoza v. Ocean Spray Cranberries, Inc., No. 19-cv-10650-JGD, 2020 WL 13824756, at *6-7 (D. Mass. Mar. 11, 2020) (dismissing complaint where it was

"replete with conclusory assertions, and fails to identify the conduct about which [the plaintiff] is complaining, or which defendant is responsible for which actions").

Accordingly, Lee has failed to satisfy the minimum standard of pleading under Rule 8(a), and the Court's prior Order, which pursuant to Rule 41(b), which are both sufficient grounds for dismissing the complaint.  See United States ex rel. Karvelas, 2020 WL 13898493, at *1; White McLaughlin v. Cambridge Sch. Comm., 753 F. Supp. 3d 75, 83 (D. Mass. 2024) (noting that dismissal with prejudice of federal claims was warranted given plaintiff was "previously informed of the basic pleading requirements of Rule 8" in a prior court order and the amended complaint was "neither short nor plain, but rather a meandering, somewhat chronological narrative").[1]

Moreover, this Court dismisses this case with prejudice.  Lee already has had the opportunity to amend his complaint twice, see D. 6; D. 66, and ahead of amending the complaint for the second time he received fair warning of the Court's "inclination to employ so severe a sanction" as dismissal with prejudice, see Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49 (1st Cir. 2003), if in his second amended complaint he "fail[ed] to comply with the Federal Rules of Civil Procedure, specifically Rule 8(a), and [he] continue[d] to include improper allegations and exhibits unrelated to his claims," D. 60 at 11.  Lee has failed to cure all the deficiencies the Court flagged in its Order.  See Kerr v. City of Attleboro, 757 F. Supp. 3d 145, 147 (D. Mass. 2024) (dismissing second amended complaint with prejudice where *pro se* plaintiff "failed to address or

---

[1] Defendants request an award for "fees and costs incurred in responding to [Lee's] [s]econd [a]mended [c]omplaint." D. 79 at 1.  "*Pro se* plaintiffs are subject to sanctions, but the Court must consider the state of the pro se part's sophistication and experience, or lack thereof, when determining the nature and severity of sanctions to be imposed."  Siri v. Town of Hingham, 662 F. Supp. 3d 44, 49 (D. Mass. 2023).  Having considered Defendants' argument and given the Court's ruling dismissing the second amended complaint with prejudice, the Court declines to impose sanctions on Lee.

cure identified deficiencies in his first amended complaint" following a court's order); <u>Miller v. Kopelman and Paige, P.C.</u>, No. 06-cv-10381-MLW, 2008 WL 11388634, at *4 (D. Mass. Mar. 13, 2008) (noting that dismissal with prejudice may be warranted "[w]hen a [*pro se*] plaintiff has attempted to comply with a court order but 'fail[ed] to rectify the original fault'") (quoting <u>Papas v. Baines</u>, No. 92-cv-1381, 1992 WL 369917, at *3-4 (1st Cir. Dec. 16, 1992)).

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 78. The Court dismisses Lee's amended complaint, D. 66, with prejudice.[2]

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge

---

[2] Having considered Lee's motion for leave to file a sur-reply to Defendants' motion to dismiss, D. 101, and in light of the ruling above, the Court DENIES the motion.